**941. PRACTICE & PROCEDURE.**
Penna. Rd. Co. v. Stegaman, US. 6 Abs. 123.
See 681. Jurisdiction. State ex McDiarmid et v. Eastman et, OS. 6 Abs. 126.

**966. PROXIMATE CAUSE.**
Vecchiarrelli v. Youngstown Muny. Ry. Co., OA. 6 Abs. 120.

**991. RAILROADS.**
Penna. Rd. Co. v. Stegaman, US. 6 Abs. 123.

**997. REAL ESTATE.**
Whitaker-Glessner Co. v. Ohio Sav. Bk. & Tr. Co., US. 6 Abs. 124.
See 615. Husband and Wife. Sommer, Guard. v. Wade, OA. 6 Abs..118.

**1002. RECEIVERSHIP.**
Sturzinger v. Hart, US. 6 Abs. 124.
Trask v. Cull, OA. 6 Abs. 121.

**1104. STATUTES.**
See 291. Constitutional Law. Sylvania Busses, Inc. v. Toledo, OS. 6 Abs. 126.

**1265. WEIGHT OF EVIDENCE.**
Klass v. Klass, OA. 6 Abs. 119.
Malle v. Hayes, OA. 6 Abs. 127.

**1271. WILLS AND LEGACIES.**
Barron v. McCann, OA. 6 Abs. 127.
**1273. WITNESSES.**
See 295. Continuances. Copeland v. State, OS. 6 Abs. 122.

---

# OFFICIAL SYLLABI
# Ohio Appeals

## MALLE et v. HAYES et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Bernsteen & Bernsteen, Cleveland, for Malle et.

Boyd, Cannon, Brooks & Wickham, Cleveland, for Hayes.

**1265. WEIGHT OF EVIDENCE—295. Continuances —148. Bills of Exceptions.**

1. Evidence in will contest held to support verdict.

2. Will contest, in Court of Appeals on petition in error, not continued, where no steps were taken until after 4 o'clock on day before reached in court.

3. Court of Appeals will not issue writ of mandamus or grant motion for diminution of record to compel Common Pleas to insert something where counsel does not deny that record showed all that took place.

**225. CHARGE OF COURT:**

In will contest, where court refused proper instructions requested by contestees and later decided instruction should have been given, giving such instructions in absence of counsel for contestees who stated he did not want to be present and counsel for contestants who could not be reached; held not misconduct subject to criticism.

VICKERY, J.

1. Evidence in will contest case held to support jury's verdict to effect that paper writing in question was last will and testament of decedent.

2. Will contest case brought to Court of Appeals on petition in error could not be continued, where it had been properly listed for trial and been published two weeks under rule of courts in official organ of courts and no steps were taken towards having case continued until after 4 o'clock of day before it was reached in court.

3. Court of Appeals will not issue writ of mandamus or grant motion for diminution of record to compel common pleas court to insert something in bill of exceptions, where inquiries to counsel in argument of case seeking to elicit whether they claimed anything other than what appeared in bill of exceptions, brought only response that they would expect it to show certain things but did not deny that record showed all that took place.

4. In will contest case where court refused proper instruction requested by contestees and after case had been submitted court decided that instruction should have been given and notified counsel for contestees, who stated that he did not want to be present, but court was unable to reach counsel for contestants, action of court in giving instruction in absence of counsel held not misconduct subject to criticism.

(Sullivan. PJ., and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## BARRON v. McCANN et.

Ohio Appeals, 4th Dist., Lawrence Co.

Cushing, J., of the 5th District sitting in place of Sayre, PJ.

Corn & Jenkins, Ironton, for Barron.

A. R. Johnson, Ironton, for Margaret McCann's heirs.

Irish & Riley, Ironton, for John McCann and others.

**1271. WILLS AND LEGACIES—362a. Decedants' Estates.**

1. Section 10542 GC. does not provide for forfeiture of vested interest, but prevents any estate from passing to negligent devisee.

2. Where devisee of land under will was in possession and control of will for more than three years after death of testatrix, but neglected to offer same for probate, land described therein passed to heirs.

MAUCK, J.

1. Section 10542 GC. providing that estate devised to devisee shall descend to heirs of testator, if devisee fails to probate will within three years after knowledge of its existence, does not provide for forfeiture of interest that has vested, but prevents any estate from passing to negligent devisee.

2. Where devisee of land under will was in possession and control of will for more than three years after death of testatrix, but neglected to offer same for probate, as required by Section 10542 GC. such devisee took nothing under the will, and land described therein passed to heirs.

(Cushing and Middleton, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.